The Honorable Jodie K. Mahony State Representative 406 Armstrong Building El Dorado, Arkansas 71730
Dear Representative Mahony:
This is in response to your request for an opinion regarding Act 762 of 1987. You note in your request that El Dorado School District No. 15 has been under a desegregation related court order since 1965; that the 1980 student transfers involved a transfer of the students from their resident district (Union School District No. 2) to the El Dorado District; and that a petition has now been submitted for the transfer of the children back to their resident district. You have asked the following specific questions in this regard:
 "Does the above transfer comply with Act 762 of 1987? Is it legal for the El Dorado School District No. 15 to transfer students in or out of the district if the transfer does not negatively affect the racial balance of the district? If the answer is affirmative, who determines whether or not the transfer would negatively affect the racial balance?
In responding to these inquiries, it must be noted as an initial matter that Act 762 of 1987 applies to the transfer of students from their resident district to another district (the "receiving district.") While we are aware of no court decisions addressing this question, Act 762 would not on its face appear to be applicable to the situation wherein students are requesting transfer back to their resident district.
Act 591 of 1987 must be considered in this regard. This Act states in pertinent part as follows under Section 1(a) and (b):
 (a) The public schools of any school district in this State shall be open and free through completion of the secondary program to all persons in this State between the ages of five (5) and twenty-one (21) years whose parents, legal guardians or other person(s) having lawful control thereof under an order court reside within the school district and to all persons between those ages who have been legally transferred to the district for education purposes.
 (b) In order for a person under the age of eighteen (18) years to establish a residence for the purpose of attending the public schools separate and apart from his parents, guardians or other person(s) having lawful control of him under an order of a court, he or she must actually reside in the district for a primary purpose other than that of school attendance.
Act 591 repeals Section 1 of Act 60 of the First Extraordinary Session of 1983, codified as Ark. Stat. Ann. 80-1501, which formerly established a domicile rather than residence requirement for school attendance purposes. Although there are significant differences, the language of Act 591 is similar to that of Act 60 of 1983 with respect to the schools being "open and free" to persons within the district. Act 60 repealed the former 80-1501 which was the codification of Section 165 of Act 169 of 1931.
While the language of the subsequent enactments varies in several respects, the essential import of the original 80-1501 remains, that is, it establishes the place where a person is entitled to attend school. See Newark Sch. Dist. v. Cord-Charlotte Sch. Dist., 278 Ark. 110, 644 S.W.2d 253 (1983). The most recent statement in this regard, found in Act 591 of 1987, supra, refers to persons between the ages of five (5) and twenty-one (21) and cities the resident district as the district that shall be "open and free" for persons attending public schools in the State.
Act 591 of 1987, and its predecessors to the extent indicated herein, may be reasonably construed to impose an obligation on a district to provide a public school education to resident patrons. While there are no cases on point, Act 762 arguably has no application in this instance. The language of Act 762 with respect to transfers negatively affecting a district applies to transfers from a resident district to another district. The factual scenario presented in your correspondence actually involves a transfer to the resident district from outside the district. The students' right to such a transfer would appear in this instance to be governed by Act 591 of 1987, assuming of course that the residency requirement is met.
It is my opinion, therefore, that the requested transfer is appropriate and perhaps mandated by Act 591 of 1987. The language of Act 762 with respect to racial balance would not appear to be implicated under this set of circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.